# EXHIBIT A

ELECTRONICALLY FILED - 2023 Aug 15 2:07 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3801151

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Daloni Clark,<br><br>        Plaintiff,<br><br>v.<br><br>The Medical University of South Carolina, d/b/a MUSC Health Orangeburg d/b/a The Regional Medical Center,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>IN THE FIRST JUDICIAL CIRCUIT<br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

              BY: s/J. Paul Porter
                 J. Paul Porter (#100723)
                 Elizabeth M. Bowen (#103337)
                 CROMER BABB PORTER & HICKS, LLC
                 1418 Laurel Street, Ste. A
                 Post Office Box 11675
                 Columbia, South Carolina 29211
                 Phone: (803) 799-9530
                 Fax: (803) 799-9533
                 paul@cbphlaw.com
                 beth@cbphlaw.com

                 **Attorneys for Plaintiff**

August 15, 2023
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Daloni Clark,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>The Medical University of South Carolina, d/b/a MUSC Health Orangeburg d/b/a The Regional Medical Center,<br><br>　　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>IN THE FIRST JUDICIAL CIRCUIT<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## EMPLOYMENT CASE

The Plaintiff, complaining of the Defendant, respectfully alleges as follows.

## PARTIES AND JURISDICTION

1. Plaintiff Daloni Clark is a citizen and resident of Orangeburg County, South Carolina.

2. Defendant is a hospital in Orangeburg County, South Carolina.

3. This action arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) *et seq*.) ("Title VII"), the Fair Labor Standards Act (FLSA), and the South Carolina Payment Wages Act.

4. This Court can exercise concurrent subject matter jurisdiction over Plaintiff's federal claims, pursuant to 42 USC 2000e-5(f)(3) and 29 USC 216(b).

5. This Court has personal jurisdiction over these parties because they are domiciled in Orangeburg County, South Carolina.

6. This Court is a proper venue because the underlying acts and omissions occurred here.

7. Plaintiff demands a jury trial on all triable claims and issues.

## PROCEDURAL PREREQUISITES

8. Plaintiff filed charges of discrimination with the EEOC within 300 days of the adverse actions complained of in this case.

Page 2 of 7

9. Plaintiff received his right to sue letter.

10. This action is filed within 90 days of Plaintiff receiving his right to sue letter.

### FACTUAL ALLEGATIONS

11. Plaintiff began serving as a supervisor for Defendant on April 19, 2021.

12. Plaintiff met Defendant's legitimate expectations during his employment.

13. Plaintiff did not receive any disciplinary action from Defendant until Plaintiff terminated his romantic relationship with his supervisor, Courtney Maxwell, and began rejecting Maxwell's sexual advances in June 2021.

14. Maxwell continued to make severe and pervasive unwelcome sexual advances toward Plaintiff after Plaintiff terminated the romantic relationship and rejected his advances.

15. Plaintiff's performance was not criticized until Plaintiff ended his romantic relationship with Maxwell.

16. Maxwell and Plaintiff's direct supervisor, who spent time with Plaintiff and Maxwell outside of work when Plaintiff and Maxwell were romantically involved, routinely criticized, and challenged Plaintiff's work product after Plaintiff ended his romantic relationship with Maxwell.

17. Maxwell required Plaintiff to participate in work phone calls regularly while Plaintiff was not on shift.

18. Defendant did not compensate Plaintiff for the work phone calls he participated in while he was not on shift.

19. In or around August 2021, Maxwell questioned Plaintiff's honesty regarding Plaintiff's COVID-19 diagnosis, falsely accused Plaintiff of incompetence in his profession, and suspended him.

20. Plaintiff was given several write-ups that day and was suspended for defending himself and for questioning the motives of the write-ups presented.

21. Plaintiff complained of the sexual harassment, discrimination, and retaliation from Maxwell during his investigatory suspension.

22. Defendant terminated Plaintiff and Maxwell on September 13, 2021.

## FIRST CAUSE OF ACTION
### (Sex Discrimination in Violation of Title VII)

23. Plaintiff reallages the foregoing where consistent.

24. Plaintiff is a member of a protected class based on his sex.

25. Plaintiff was subjected to unwelcome sexual conduct from his supervisor during his employment with Defendant.

26. Such conduct was sufficiently severe or pervasive to alter the conditions of employment and created a hostile work environment and abusive atmosphere.

27. Such unwanted sexual conduct created an intimidating and hostile work environment and was subjectively viewed by Plaintiff to be abusive.

28. Plaintiff was subjected to quid pro quo discrimination wherein he was able to work without issue while he was engaged in a relationship with his supervisor but was wrongly disciplined and then terminated when he terminated that relationship.

29. Such conduct caused Plaintiff's suspension and termination and affected tangible aspects of Plaintiff's compensation, terms, conditions, and privileges of employment.

30. Defendant had reason to know and knew of the harassment toward Plaintiff and failed to take adequate remedial action.

31. Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws. Plaintiff last requests, and is due, pre-judgment interest on all damages recovered.

## SECOND CAUSE OF ACTION

**(Retaliation in Violation of Title VII)**

32. Plaintiff reallages the foregoing where consistent.

33. Plaintiff engaged in protected activity under Title VII by opposing his supervisor's sexual advances and harassment and by complaining to Defendant about the sex discrimination, sexual harassment, and hostile work environment.

34. Defendant subjected Plaintiff to harsh and unfair treatment because Plaintiff engaged in protected activity. Specifically, Defendant subjected Plaintiff to harsh and unwarranted criticism and disciplinary action, resulting in Plaintiff's suspension and termination.

35. Such conduct constitutes retaliation in violation of Title VII.

36. Defendant has directly and proximately caused and is liable for all damages resulting from the retaliation, including backpay, front pay, loss of benefits, diminished earning capacity, pain and suffering, and emotional distress. Plaintiff is also entitled to attorney's fees and pre-judgment interest on all damages recovered. Plaintiff further requests any equitable relief this Court deems appropriate.

**THIRD CAUSE OF ACTION**
**(FLSA Violation)**

37. Plaintiff reallages the foregoing where consistent.

38. Plaintiff was required to take work calls while he was not on shift.

39. Defendant did not compensate Plaintiff for the time spent on work calls while he was not on shift.

40. This constitutes a minimum wage violation of the Fair Labor Standards Act (FLSA) and an overtime violation for hours worked in excess of a 40-hour work week.

41. Plaintiff has suffered damages because of the FLSA violation discussed here, for which the Defendant is liable. Those damages include unpaid wages, attorney fees, and liquidated damages.

## FOURTH CAUSE OF ACTION
**(Payment of Wages Act)**

42. Plaintiff reallages the foregoing where consistent.

43. Plaintiff was required to take work calls while he was not on shift.

44. Defendant did not compensate Plaintiff for the time spent on work calls while he was not on shift.

45. This constitutes a payment of wages act violation under S.C. Code Ann. § 41-10-40.

46. Plaintiff has suffered damages because of the violation discussed here, for which the Defendant is liable. Those damages include unpaid wages, attorney fees, and treble damages.

## PRAYER FOR RELIEF

47. Plaintiff reallages the foregoing where consistent.

48. Plaintiff requests a jury trial on all claims and all triable issues.

49. Plaintiff requests that the jury award, within its discretion, a reasonable sum for all damages sought on the above claims including punitive damages where legally cognizable.

50. Plaintiff requests that the Court award him all equitable relief it deems just and necessary up to and including reinstatement or front pay.

51. Plaintiff also requests pre-judgment interest.

                                    BY:    s/J. Paul Porter
                                           J. Paul Porter (#100723)
                                           Elizabeth M. Bowen (#103337)
                                           CROMER BABB PORTER & HICKS, LLC
                                           1418 Laurel Street, Ste. A
                                           Post Office Box 11675
                                           Columbia, South Carolina 29211
                                           Phone: (803) 799-9530
                                           Fax: (803) 799-9533
                                           paul@cbphlaw.com
                                           beth@cbphlaw.com

                                           **Attorneys for Plaintiff**

ELECTRONICALLY FILED - 2023 Aug 15 2:07 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3801151

August 15, 2023
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF ORANGEBURG | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT |
| Daloni Clark,<br><br>     Plaintiff,<br><br>v.<br><br>The Medical University of South Carolina, d/b/a MUSC Health Orangeburg d/b/a The Regional Medical Center,<br><br>     Defendant. | C/A No.: 2023-CP-38-01151<br><br>**ACCEPTANCE OF SERVICE** |

  I, Kevin Horton, accept service of the Summons and Complaint, filed in the above captioned matter, for my client, The Medical University of South Carolina, d/b/a MUSC Health Orangeburg d/b/a The Regional Medical Center, named defendant in this action. The Defendant has granted me the authority to accept these documents in its stead. These documents were e-mailed to me at khorton@shumaker.com and accepted by me this 13 day of October 2023.

                    **Shumaker, Loop & Kendrick, LLP.**

                    _____
                    Kevin Horton
                    176 Croghan Spur Road, Suite 400
                    Charleston, SC 29407
                    843-996-1927
                    khorton@shumaker.com
                    *Attorney for Defendant*

Charleston, SC

ELECTRONICALLY FILED - 2023 Oct 20 9:34 AM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3801151